Filed 3/29/24  P. v. Young CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>CHARLES DAVIS YOUNG,<br><br>　　Defendant and Appellant. | A168187<br><br>(Contra Costa County Super. Ct. No. 05001309251) |

**MEMORANDUM OPINION**[1]

Charles Davis Young was convicted by jury of residential burglary (Pen. Code, §§ 459, 460, subd. (a)),[2] assault with a deadly weapon (a cane) (§ 245, subd. (a)(1)), and false imprisonment (§ 237, subd. (a)), as well as an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)).  The trial court found prior conviction allegations to be true and sentenced Young to a prison term of 45 years to life.  In an unpublished opinion otherwise affirming the convictions, we agreed with Young that the sentence on the assault conviction should have been stayed under section

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory references are to the Penal Code.

1

654, and remanded for resentencing.  (*People v. Young* (Jan. 3, 2019, A144481) [nonpub. opn.] (*Young I*).)

In resentencing Young, the court imposed the upper term of six years for the first degree residential burglary conviction, and doubled it to twelve years based upon a prior strike (dated October 2, 2003 for § 192, subd. (a), manslaughter).  (*People v. Young* (Mar. 10, 2021, A159701) [nonpub. opn.] (*Young II).*)[3]  The court imposed another three years, consecutive, for the enhancement under section 12022.7, subdivision (a).  (*Young II*, *supra*, A159701.)  The sentences for the assault and false imprisonment convictions were stayed pursuant to section 654.  (*Young II*, *supra*, A159701.)  Two prior convictions (for a robbery and another first degree burglary) brought five years each, adding another ten years under section 667, subdivision (a)(1).  (*Young II*, *supra*, A159701.)  At the resentencing proceeding, Young's counsel pointed out to the court that it now had discretion to strike those prior convictions, but the court declined to do so, while acknowledging it could.  In an unpublished opinion, we affirmed the aggregate determinate sentence of 25 years imposed in the resentencing proceedings.  (*Ibid*.)

Young subsequently filed a petition for recall of his sentence and resentencing under former section 1171 (since renumbered to section 1172.7 (Stats. 2022, ch. 58, § 11)) and former section 1171.1 (since renumbered to section 1172.75 (Stats. 2022, ch. 58, § 12)).  These statutes invalidate, respectively, any sentencing enhancement imposed (1) under Health and Safety Code section 11370.2 for having suffered a prior conviction for specified drug offenses (section 1172.7), and (2) under section 667.5,

---

[3] Young's appellate counsel requests that we take judicial notice of *Young I* and *Young II* under Evidence Code sections 452 and 459.  We hereby grant these requests.

2

subdivision (b), for having served a prior prison term (section 1172.75). The People filed an opposition. The court held a hearing on the petition at which Young was represented by counsel, and at the conclusion of the hearing denied relief.

Young now appeals. Young's appointed counsel on appeal filed a brief with this court pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, stating that upon a thorough review of the case record, counsel found no arguable issues. Young filed a supplemental brief, which is difficult to follow, but appears to reference (1) something about "Brady rights", (2) "eleven enclosed camera hearings" that were designed to "hide evidence" which would have shown the testimony of a "paid informant" to be perjurious, (3) a defense to Young's burglary conviction based on his assertion that he lived in the house that was burgled, (4) the "withhold[ing]" of "[v]ital information" that would have shown a witness against him had once been in a mental hospital, and (4) ineffective assistance of counsel for failure to raise any of these issues.

We see no basis in the record to cast any doubt on the correctness of the trial's denial of resentencing relief here. No resentencing enhancement invalidated by either section 1172.7 or section 1172.75 was imposed on Young at either his original sentencing or the resentencing that we ordered on remand following his first appeal. He is therefore ineligible for relief under the statutes that purportedly authorized his request for resentencing relief. Nor do any of issues raised in his supplemental brief bear on his eligibility for such relief. To the extent Young wishes to challenge his convictions or sentence on the grounds of ineffective assistance of counsel, that argument is more appropriately brought, if at all, in a habeas petition.[4]

---

[4] To be clear, we express no opinion on whether a habeas petition by Young would be either timely or successful.

3

## DISPOSITION

The order denying Young's resentencing petition under sections 1172.7 and 1172.75 is affirmed.

                                        STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.